ELLIS, Judge.
This case arises out of an automobile accident which happened on February 5, 1964, at 6:30 o’clock A.M., on Harding Boulevard in East Baton Rouge Parish, Louisiana. The vehicles involved were a 1963 Chevrolet automobile, owned and operated by Willie J. Rockco, and a 1963 White tractor pulling a 1963 Lufkin trailer, both of which were leased to Red Ball Motor Freight, Inc., and driven by William N. Smith, an employee of Red Ball.
As a result of the accident, this suit was-filed by Red Ball against Rockco asking for property damages suffered by the trailer. Rockco filed an answer and a third' party petition asking for judgment over against William N. Smith, the driver of the tractor-trailer rig, in the event he should be found liable.
Rockco also filed suit against Red Ball, Smith and Transport Insurance Company, Red Ball’s liability insurer, for the personal injuries and property damages suffered by him.
A third suit was filed by Southern Insurance Company, Rockco’s collision insurer, against Transport, alleging a subrogation-claim for the amount paid for the damages to Rockco’s vehicle.
All three cases were consolidated for trial, with separate judgments rendered in, each case. The same procedure will be-followed in this Court
*721 Judgment was rendered in this case in favor of Rockco dismissing Red Ball’s suit at its cost and declaring the third party demand to he moot.
Judgment was rendered in the second suit in favor of Rockco and against Smith, Red Ball and Transport for $33,009.64 plus interest and costs.
Judgment was rendered in the third suit in favor of Southern and against Transport for $1,406.52 with interest and costs.
A devolutive appeal was taken in this case and suspensive appeals in the other two cases. Rockco answered the appeal in the second case, asking for an increase in the award.
The questions presented by the appeal are the determination of the basic liability for the accident, the alleged contributory negligence of Rockco, and the amount of the award made to him.
There seems to be little dispute as to the facts of the case. As pointed out above, the accident happened at 6:25 or 6:30 A.M. on February 5, 1964. At that time, it was drizzling rain and the road was wet. Although day had begun to break, it was not full daylight, and both vehicles involved in the accident had their lights burning.
William N. Smith, driving the Red Ball tractor-trailer rig, was heading East on Harding Boulevard. The Red Ball terminal, which was his destination, is situated on the Northeast corner of the intersection of Harding and Airbase Avenue. It was, therefore, necessary for Smith to make a left turn across the Westbound traffic lane of Harding in order to enter the terminal.
Smith testified, and the trial court found, that he actuated his left turn blinker as he passed Airbase Avenue, and that it remained in operation until he made the turn. He testified that he was slowing his rig as he passed Airbase, and that when he commenced his turn he was travelling at about ten miles per hour.
Smith testified that he saw lights coming before he started his turn, that he estimated the speed and distance and felt that he had ample time to make the turn. He estimated the distance to the lights to be 150 to 200 feet as he started his turn. He further testified that he had no forewarning that the accident was going to happen, and first realized there was an accident when he felt the crash.
Rockco testified that he saw the lights, of the truck approaching him, and that he had no reason to suspect that it might turn in front of him. He stated that when the-truck began its turn, he applied his brakes and his car skidded into the rear of the-right side of the trailer. He testified that he was about 150 feet from the driveway when the truck began to make its turn, and that he was driving about 50 miles per hour.
Appellants contend that Rockco> must have been going at a much higher rate of speed than 50 miles per hour. The testimony shows that he was due at work at 6:30 A.M., and that, at the time of the accident, he was still about a mile from his-place of employment. Rockco estimated that the accident happened at 6:25 A.M. and Smith gave a time of 6:29 A.M. It was argued that Rockco was late for work and must have been speeding in an effort to arrive on time. They also point to the damage to the Rockco vehicle, which was a total loss, as evidence of the fact that he was travelling at an excessive rate of speed. We cannot agree with this contention. At best, it is pure conjecture, and insufficient to overcome the unrebutted testimony of Rockco as to his speed.
In addition, there is testimony in the record to the effect that the total time required for a vehicle such ás Rockco’s to stop on wet pavement such as existed on the morning of the accident was 5.96 seconds, with a total stopping distance of 245 feet. Assuming this testimony to be correct, and it stands unrebutted in the record, the accident would have happened *722 ■whether Rockco’s speed was 50 or 70 miles per hour.
It was also contended that Rockco should have seen the left turn indicator on the truck blinking, and anticipated that it was going to turn in front of him. The law places no such duty on Rockco. He is entitled to assume that an approaching vehicle will not turn left in front of him in ■such close proximity.
It is apparent that Smith misjudged either the distance or the speed of the Rockco vehicle, and was mistaken in his belief that the turn could be made in safety. In making the turn under these circumstances, he was negligent, and his negligence was the sole proximate cause of the accident. We find no contributory negligence on the part of Rockco, who did all he could to avoid the accident, but who was unable to do so.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.