ELLIS, Judge.
This case, which was consolidated with the case of Kean’s v. Tate, La.App., 205 So.2d 165, for trial, arises out of an automobile accident which occurred at the intersection of State Highway 19 and Gore Road in East Baton Rouge Parish on July 14, 1966. The vehicles involved were an automobile owned by Major Tate and driven by his wife Dorothy Tate, and an automobile owned by Kean’s, and driven *164 by its employee Robert P. McVea. The Tate’s minor son was riding as a passenger in their vehicle.
The Tates brought suit against McVea, Kean’s, and Liberty Mutual Insurance Company, Kean’s insurer, for property damages and personal injuries to both Mrs. Tate and Charles. Kean’s brought suit against the Tates for the damage to its automobile. In the latter suit, the Tates’ answer was in the form of a general denial and contained no affirmative plea of contributory negligence on the part of McVea. The defendants in the first suit had alleged contributory negligence of Mrs. Tate as an alternative defense.
After trial on the' merits, the district judge found that both Mrs. Tate and Mc-Vea were negligent, but, in view of the fact that the Tates had failed to plead the contributory negligence of McVea, gave judgment to Kean’s in its suit. He dismissed the Tates’ suit. From both judgments, the Tates have appealed.
The intersection at which the accident happened is a “T” type intersection.. Louisiana Highway 19 runs approximately North and South, and Gore Road comes into it from the East. Mrs. Tate, who was headed South on Highway 19, intended to turn left into Gore Road. She brought her vehicle to a stop, signaled for a left turn, and waited for two northbound vehicles to pass her. She then began her. left hand turn and was struck by McVea in approximately the center of the northbound lane.
According to Mrs. Tate, when she began her turn, the only vehicle she saw was a white car approximately 150 feet South of the intersection, which was moving at a slow rate of speed. She further testified that after she began to make her turn, the Kean vehicle, driven by McVea at a high rate of speed, passed the white car and struck her before she was able to clear the intersection. Her testimony is corroborated by two witnesses, Margaret White and Betty Wilson, who were standing at the intersection at the time the accident happened.
McVea testified that he had passed the white car about two-tenths of a mile South of the intersection and was safely back in his own lane of traffic when he was still 150 yards South. He stated that when he was about 130 feet from the intersection, he saw the Tate vehicle begin to make its turn but that he was unable to bring his vehicle to a stop in time to avoid the collision. The investigating officer testified that the accident happened in the center of the northbound lane on Highway 19, that he found 42 feet of skid marks left by the McVea vehicle, and that the only statement made to him by Mrs. Tate was that she thought she had time to make her turn. She did not mention to him any other car involved in the accident.
The district judge adopted the version of the accident given by McVea, and we cannot say that his finding of fact is manifestly erroneous. However, he further found that McVea was negligent in failing to anticipate that the Tate vehicle was going to turn in front of him, since it was stopped and signalling for the left turn.
We cannot agree with this conclusion. R.S. 32:122 provides that anyone intending to turn left in an intersection must yield the right of way to vehicles approaching from the opposite direction which are close enough to constitute an immediate hazard. In failing to observe this duty, Mrs. Tate was negligent, and her negligence was the proximate cause of the accident. We do not believe that McVea had any duty to anticipate that she would do that which the law provides she not do. On the other hand, he had the right to assume that she would obey the law. Red Ball Motor Freight, Inc. v. Rockco, 195 So.2d 720 (La. App. 1 Cir. 1967). We are, therefore, of the opinion that Mr. McVea was not negligent.
*165 In view of our finding of no negligence on the part of McVea, it is not necessary that we consider the effect of the failure of the Tates to plead contributory negligence in the Kean’s suit.
The judgments appealed from are correct and will be affirmed at appellant’s cost.
Affirmed.